**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | CIVIL ACTION NO. 3:13-CV-2485 |
| | : | |
| Plaintiffs | : | Judge Caputo |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| LEWIS W. WETZEL, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.      BACKGROUND.**

On September 30 2013, Plaintiff Antonello Boldrini, a citizen of Italy and a permanent resident

alien of the United States, living at 81 Frothingham Street, Pittston Township, Luzerne County,

Pennsylvania, filed, *pro se*, another civil rights action pursuant to 42 U.S.C. §1983 and § 1985.[1]  (Doc.

---

[1]Plaintiff Boldrini has filed other actions with this Court. *See Boldrini v. Ponce*, Civil No. 10-2065, M.D. Pa.;  *Boldrini v. Bruno*, Civil No. 11-1401, M.D. Pa.; *Boldrini v. Wilson*, Civil No. 11-1771, M.D. Pa.  Further, Plaintiff recently filed another civil rights with this Court on December 2 2013.  *Boldrini  v. Ammerman*, Civil No. 13-2896, M.D. Pa.  In his 13-2896 case, Plaintiff was directed to file an Amended Complaint but to date, he has not filed it. We gave Plaintiff an extension until February 4, 2014.
Plaintiff's case in *Boldrini v. Ponce* was dismissed on January 19, 2011, by  this Court. Plaintiff's claims in *Boldrini v. Ponce*, Civil No. 10-2065, a civil rights action pursuant to  42 U.S.C. § 1983 in which Plaintiff raised several constitutional claims, were similar to the constitutional claims he raised in another §1983 case,  *Boldrini v. Wilson*, Civil No. 11-1771. Plaintiff's cases in *Boldrini v. Ponce*, Civil No. 10-2065 and *Boldrini v. Wilson*, Civil No. 11-1771 were closed by the Court.
Also, Boldrini's Civil No. 11-1401 medical malpractice case against Dr. Bruno regarding the death of his wife was dismissed on November 23, 2011, after we issued a Report and Recommendation recommending that the case be dismissed with prejudice and after Plaintiff filed a request to discontinue his case.

1).  Plaintiff also included state law claims as well as RICO claims and federal criminal violations.[2]

Plaintiff's original Complaint consisted of 15 typed pages with an attached Declaration under penalty

of perjury.  Plaintiff paid the filing fee. (Doc. 2).

In his original Complaint, Plaintiff named at least 35 Defendants, including John Doe

Defendants.   On October 3, 2013, the Clerk of Court issued the Summons as to all Defendants and

provided the Summons to Plaintiff to serve his original Complaint on Defendants.  (Doc. 3).  However,

since it was apparent on the face of Plaintiff's original Complaint that it was not a proper pleading and

that jurisdiction of this Court may be lacking over several Defendants, we issued a Memorandum and

Order on October 4, 2013, directing Plaintiff to file an Amended Complaint.[3]    (Docs. 4 & 5). *See*

---

[2]To the extent that Plaintiff, in both his original and Amended Complaints, is asking this
Court to file federal criminal charges and initiate criminal prosecution against Defendants, this
Court cannot grant as relief in the present case the initiation of federal  criminal prosecution.
The Third Circuit has held that a private person could not impose criminal liability on a
defendant because he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699,
*2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority
to grant Plaintiff relief with respect to alleged criminal conduct in this action.  *See Matthews v.
Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-
10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.  Thus, insofar as Plaintiff is seeking this
Court to arrest, prosecute and punish Defendants for their alleged unconstitutional and criminal
behavior, we recommend that this request be  dismissed with prejudice.  *See Ross v.
Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16,
2012).

[3]It also appeared from the face of Plaintiff 's original Complaint that several Defendants
may not be state actors, that some Defendants may be entitled to immunity with respect to
Plaintiff's claims for money damages, and that Plaintiff did not properly stated a conspiracy
claim under §1985(3) against any Defendant.  Further, insofar as Plaintiff again names Dr. Bruno
as a Defendant regarding alleged  medical malpractice in treating Plaintiff's deceased wife,
Plaintiff Boldrini's prior case against Dr. Bruno was dismissed.  *See* Civil No. 11-1401, M.D. Pa.
Plaintiff also named several other doctors who treated his deceased wife as Defendants in this
case. We also note that Plaintiff named his wife's brother as a Defendant who he stated is a

*Ruddy v. Mastercard*, Civil No. 12-2376, M.D. Pa.  In our 9-page Memorandum, we detailed several deficiencies with respect to Plaintiff's original Complaint.

After we granted Plaintiff three extensions of time, Plaintiff filed his Amended Complaint on January 9, 2014.  **(Doc. 11).**  Plaintiff names at least twenty eight (28) Defendants, some of whom are John Does and the number of Doe Defendants is not specified.  To date, Plaintiff's Amended Complaint has not been served on Defendants.  We find that Plaintiff's 19-page typed  Amended Complaint is not a proper pleading and that it is subject to dismissal.  Also, in his Amended Complaint, Plaintiff largely names Defendants who are entitled to judicial immunity,  who  are entitled to prosecutorial immunity, and who are not state actors.[4]  We also find that Plaintiff's action with respect to his claims about the death of his wife on July 28, 2009, are clearly time barred.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)(citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte*
 whenever it may be lacking.'").

Furthermore, federal courts have subject matter jurisdiction over "all civil actions arising under

---

citizen and resident of Italy, Sandro Argentati. Plaintiff again names his brother-in-law Sandro Argentati as a Defendant in his Amended Complaint.

[4]In his Amended Complaint, Plaintiff only seeks monetary damages, compensatory and punitive, against all Defendants in the amount of $5,000,000.  (Doc. 11, pp. 12 & 19).  As stated above, we find that several Defendants are immune from Plaintiff 's claims for damages, including Defendants 1, 5, 20, 22, 25, 26, 27 & 28.

the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

Moreover, the Court can *sua sponte* dismiss Plaintiff's constitutional and state law claims which are time barred by the applicable two-year statute of limitations since his allegations make clear that these claims are time barred. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10).

Additionally, to the extent Plaintiff challenges the alleged "wrongful" decisions and orders of the state court judges and court personnel, *i.e.*, the Luzerne County Court of Common Pleas, and claims that non-state actors Defendants conspired with the judicial officials regarding the handling of his wife's estate and property and, the handling of his wrongful death suit involving his deceased wife against doctors, medical offices and medical personnel who treated his wife, we find that this Court is barred by the *Rooker-Feldman* doctrine from considering Plaintiff's constitutional claims against the state court officials, the attorneys, the doctors and the defense counsel who represented the doctors. We find that Plaintiff's numerous constitutional claims attacking the Luzerne County Court's Judgments and Orders, and attacking the decisions of the state court and seeking this federal Court to overturn and reverse them are barred by the *Rooker-Feldman* doctrine. *See Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa. 10-5-09, aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10).

Thus, we will recommend that Plaintiff 's Amended Complaint **(Doc. 11)** be dismissed entirely with prejudice.

## II.     STANDARDS OF REVIEW.

### A.        *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal

involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**B.      *Motion to Dismiss***

In  *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## III. DISCUSSION.

Plaintiff states that his instant civil rights action pursuant to 42 U.S.C. §1983 against his numerous Defendants, including state court judicial officers and their staff, is based on Defendants' vast and far-reaching conspiracy to deprive him of his constitutional rights under the Fifth and Fourteenth Amendments to the extent that Defendants caused the death of his wife on July 28, 2009. (Doc. 11, p. 2). Plaintiff avers that the state court also illegally handled the estate and property of his deceased wife and that the Defendant Luzerne County Judges conspired with the Defendant attorneys who

represented the private party Defendants in the proceedings. (Doc. 11, p. 13).

Plaintiff also states that he filed a wrongful death action against many of his instant Defendants in Luzerne County Court, Civil No. 2011-4655, but that the Defendant Judges and Court personnel conspired, under 42 U.S.C. §1985(2) and (3), with Defendants' attorneys and the medical Defendants to violate his constitutional rights by issuing "fraudulent" orders and decisions in his case and, by designating the orders as non-appealable. Plaintiff also states that "Defendants violated 18 U.S.C. §1506" and "committed fraud upon the court and a crime against the U.S. Constitution to enforce[] his rights to the equal protection of the laws by bring[ing] an action for wrongful death." (Doc. 11, p. 12). Plaintiff also indicates that Defendants violated 18 U.S.C. §241 and §242. As such, Plaintiff requests this federal Court to void and/or reverse the orders issued by the state court judges in his Luzerne County Court wrongful death action. Plaintiff also requests monetary damages against Defendants for their alleged unconstitutional conduct.

As noted above, we find that to the extent that Plaintiff is seeking this Court to Order the arrest and prosecution of Defendants for violating federal criminal statutes, this Court cannot grant as relief in the present civil rights case the initiation of any criminal prosecution. *See Concert v. Luzerne County Children and Youth Services*, 2008 WL 4753709, *3 (M.D. Pa. Oct. 29, 2008)("Criminal statutes do not generally provide a private cause of action nor basis for civil liability.")(citations omitted). Thus, "[t]his Court cannot compel either state or federal prosecuting authorities to file criminal charges against the named Defendant[s]" *Id*.

The Third Circuit has also held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005

WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of Defendants and their employees as well as government officials with respect to any alleged criminal conduct, in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have Defendants arrested for their alleged illegal behavior, this request is subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Amended Complaint with respect to any request to have Defendants criminally prosecuted. *See Concert, supra*.

Since Plaintiff has filed a *pro se* Amended Complaint raising, in part, constitutional claims, the Court is required to hold it to a less stringent standard. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972). As mentioned, Plaintiff claims, in part, that his rights under the Fifth and Fourteenth Amendments have been violated to the extent that Defendants caused, and conspired to cause, the death of his wife. (Doc. 11, p. 2).

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1959(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff Boldrini's Amended Complaint, like his original Complaint, clearly does not meet the requirements of the Federal Rules of Civil Procedure as detailed in our October 4, 2013 Memorandum. (*See, eg.*, Doc. 11, pp. 10-11). Further, Plaintiff has failed to show through his Amended Complaint's allegations how each named defendant was personally involved in the events or occurrences upon which Plaintiff's claims are based. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Regardless, we now consider Plaintiff's Amended Complaint and his federal claims since we futility and undue prejudice to Defendants in allowing Plaintiff to file a second amended Complaint.

Insofar as Plaintiff states that Defendants conspired to violate his due process rights under the Fifth Amendment to the extent they caused the death of his wife, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07); *Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *4 (M.D. Pa. Aug. 14, 1012)(due process claim under Fifth Amendment only applies to federal actors)(citing *Caldwell v. Beard*, 324 F.Appx 186, 189 (3d Cir. 2009)). Thus, Plaintiff's Fifth Amendment due process claims should be dismissed with prejudice. We find futility in allowing Plaintiff leave, for a second time, to amend his Fifth Amendment claims since there is no federal actor Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

We also find that Plaintiff's pre-September 30, 2011claims are time barred. As noted, on July 28, 2011, Plaintiff Boldrini filed a previous action with this federal Court, Civil No. 11-1401, M.D. Pa., which was medical malpractice case against Dr. Bruno and Pittston Medical Associates regarding the death of his wife. Plaintiff's Civil No. 11-1401 case was dismissed on November 23, 2011, after we

issued a Report and Recommendation recommending that the case be dismissed with prejudice and after Plaintiff filed a request to discontinue his case. It is abundantly clear that Plaintiff was well aware of his instant claims regarding the death of his wife on July 28, 2009, and that the statute of limitations with respect to these claims expired on July 28, 2011. In fact, that is why Plaintiff filed his Civil No. 11-1401 case on July 28, 2011. Plaintiff also admits that he filed a wrongful death action in 2011 with respect to his wife's death against many of his instant medical Defendants in the Luzerne County Court of Common Pleas.

We find that the 2-year statute of limitations expired with respect to the majority of the constitutional claims Plaintiff is raising against Defendants, namely, his pre-September 30, 2011 claims. Plaintiff avers that Defendants' conduct regarding the vast conspiracy to violate his constitutional rights with respect to the medical treatment (and refused treatment) for his wife occurred during 2008 through July 28, 2009. Plaintiff also states that on August 20, 2009, he discovered that somebody tried to probate his wife's Will in Luzerne County Court and that multiple frauds and conspiracies were committed in the state court. Plaintiff states that the Defendant Luzerne County Court Judges conspired with several Defendants to violate his constitutional rights in August and October 2009, when the Judges made decisions regarding his wife's estate and property as well as the property of his minor son. Plaintiff's also claims a broad conspiracy between the Luzerne County Court of Common Pleas Judge, defense counsel and medical Defendants with respect to the handling of his wrongful death action in state court which lead to the dismissal his case by the Luzerne County Judge on September 30, 2011. Plaintiff states that these Defendants violated of his Fourteenth Amendment due process rights. As discussed below, we find that the *Rooker-Feldman* doctrine prevents this Court from considering all of

Plaintiff's constitutional claims involving the decisions of the Luzerne County Court Judges.

As mentioned, we find that the constitutional claims raised by Plaintiff regarding the broad conspiracy to violate his constitutional with respect to the medical treatment (and refused treatment) for his wife occurred during 2008 through July 28, 2009, are time barred.

There is a 2-year statute of limitations with respect to a §1983 civil rights action in Pennsylvania. See *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6; *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *8 (M.D. Pa.). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra*. It is abundantly clear in the present case, and readily apparent from Plaintiff's original Complaint and his Amended Complaint, that he discovered, or should have discovered, all of his constitutional claims regarding the conspiracy to violate his constitutional with respect to the medical treatment for his wife occurred during 2008 through July 28, 2009, when his wife died.

We find that the Court can *sua sponte* dismiss Plaintiff's stated constitutional claims which arose in 2008 through July 28, 2009, as well as his pre-September 30, 2011 claims, since his allegations in his Amended Complaint make clear that these claims are all time barred by the applicable two-year statute of limitations. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10); *Barnett v. York County*, Civil No. 11-906, M.D. Pa.(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did

not file claims within 2-year statute of limitations).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, the Third Circuit stated:

> Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.

In his Amended Complaint, Plaintiff attempts to raise the continuing violation doctrine to support his claim that his statute of limitations should be construed as commencing on September 30, 2011, when he alleges  the Luzerne County Judge conspired with the attorneys representing the medical Defendants before Plaintiff arrived at Court and issued a fraudulent order in Plaintiff 's wrongful death suit and dismissed his case.  As stated, Plaintiff filed his original Complaint in the instant case on September 30, 2013.  (Doc. 1).    Plaintiff contends in his amended pleading that his pre-September 30, 2011 claims against Defendants should be subject to an equitable tolling of the statute of limitations based on the continuing violation doctrine.   We do not agree.

The  "continuing violation doctrine" is an "equitable exception to the timely filing requirement." *Cowell v. Palmer Twp*., 263 F.3d 286, 292 (3d Cir. 2001).  In *Johnson v. Coleman*, 2012 WL 3686772, *3 (W.D. Pa. June 21, 2012), adopted by 2012 WL 3679572 (W.D. Pa. Aug. 24, 2012), affirmed by 506 Fed.Appx. 125 (3d Cir. Dec. 13, 2012), the Court stated that "the continuing violation

must be considered to properly address tolling of the statute of limitations" in a §1983 civil rights case in which an inmate at SCI-Fayette claimed that his constitutional right to proper medical care was denied. The *Johnson* Court also stated that "[a]lthough the continuing violations doctrine has been applied most often to discrimination claims, it is applicable in other contexts, including procedural due process claims brought under §1983." *Id.* at *4 (citations omitted).

The Court in *Arneault v. O'Toole*, 864 F.Supp.2d 361, 391-392 (W.D. Pa. 2012), stated:

> Under the continuing violation doctrine, as applied by the Third Circuit Court of Appeals, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (quoting *Brenner v. Local 514, United Broth. of Carpenters and Joiners of Am.,* 927 F.2d 1283, 1295 (3d Cir.1991)). The doctrine will apply only where the plaintiff can establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." *Id.* (quoting *West v. Philadelphia Elec. Co.,* 45 F.3d 744, 755 (3d Cir.1995)).
>
> This inquiry involves consideration of three factors, *to wit:* (1) subject matter— *i.e.,* whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency— *i.e.,* whether the acts are recurring or more in the nature of isolated incidents; and (3) the degree of permanence— *i.e.,* whether the act had a degree of permanence such that it should have triggered the plaintiff's awareness of and duty to assert his rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Cowell, supra,* at 292 (citing *West,* 45 F.3d at 755 n. 9). Of these, the third factor is the most important. *Id.* (citing *Berry v. Board of Supervisors of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir.1983)).
>
> The continuing violation doctrine recognizes that there may be situations where the illegality of a defendant's conduct becomes apparent only over a period of time and, in such cases, an otherwise diligent plaintiff should not be penalized for his or her delay in filing suit. *See Foster v. Morris,* 208 Fed.Appx. at 177–78 (recognizing the doctrine as "an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time.").
>
> On the other hand, where the conduct consists of a discreet and actionable injury of which a reasonable plaintiff would have been aware, the doctrine has no application. *See Seawright v. Greenberg,* 233 Fed.Appx. 145, 149 (3d Cir.2007)

(continuing violations theory does not apply in cases where the plaintiff is aware of the injury at the time it occurred) (citation omitted); *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 417 n. 6 (3d Cir.2003) (same) (*citing Kichline v. Consolidated Rail Corp.,* 800 F.2d 356, 360 (3d Cir.1986)). Thus, "causes of action that can be brought individually expire with the applicable statute of limitations period." *O'Connor v. City of Newark,* 440 F.3d 125, 128 (3d Cir.2006). In short, "if prior events should have alerted a reasonable person to act at that time the continuing violation theory will not overcome the relevant statute of limitations." *King v. Township of East Lampeter,* 17 F.Supp.2d 394, 416 (E.D.Pa.1998), *aff'd,* 182 F.3d 903 (3d Cir.1999) (TABLE, NO. 98–1806). *See also MFS, Inc. v. Twp. of South Annville,* Civil Action No. 1:05–CV–1371, 2006 WL 3254535 at *4 (M.D.Pa. Nov. 9, 2006) (*quoting King*).

We find that the Court should dismiss as time barred all of Plaintiff's claims regarding the events which occurred with respect to the treatment of his wife from 2008 through July 28, 2009, as well as his pre-September 30, 2011 claims. We find that Plaintiff has not identified actions of any Defendants with respect to the stated claims that constituted violations of his constitutional rights within the statutory period, *i.e.*, after September 30, 2011, and that the continuing violation doctrine does not apply in order to relate Plaintiff's pre-September 30, 2011 claims against the Defendants. In fact as noted above, in Plaintiff Boldrini's Civil No. 11-1401, M.D. Pa., medical malpractice case against Dr. Bruno regarding the death of his wife, we issued a Report and Recommendation recommending that the case be dismissed with prejudice and Plaintiff then filed a request to discontinue his case. The Court dismissed Plaintiff's Civil No. 11-1401 case on November 23, 2011. Nor do we find that Plaintiff 's claims regarding the alleged medical malpractice that occurred with respect to the treatment of his wife from 2008 through July 28, 2009, are related to his claims about the "fraudulent" dismissal of his wrongful death suit in Luzerne County Court on September 30, 2011. Thus, we do not find that Plaintiff has sufficiently identified actions of Defendants from 2008 through July 28, 2009, which constituted violations of his rights within the statutory period.

As such, we find that all of Plaintiff's constitutional claims against Defendants which arose during 2008 through July 28, 2009, as well as his claims which arose prior to September 30, 2011, are time barred. *See Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Metso Paper USA, Inc., v Bostik, Inc.,* 2011 WL 2670320, * 3 (M.D. Pa. 7-8-11). Thus, we will recommended that all of Plaintiff's constitutional claims against Defendants which arose prior to September 30, 2011, be dismissed with prejudice as time barred. We find futility and undue prejudice to Defendants in again allowing Plaintiff leave to amend his constitutional claims against Defendants all of which arose before September 30, 2011, since they are time barred. The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Additionally, even if Plaintiff's Fourteenth Amendment due process claim is timely regarding the medical treatment of his wife, and we have found that it is not, Plaintiff fails to state a cognizable claim since he clearly had adequate post-deprivation remedies available to him under Pennsylvania law and he availed himself of these remedies. In fact, as stated, Plaintiff filed a wrongful death action in Luzerne County Court in 2011 with respect to the death of his wife.

The Court in *Swedron v. Borough*, 2008 WL 5051399, *5 (W.D. Pa. Nov. 21, 2008), stated:

> To state a claim under § 1983 for deprivation of procedural due process, a plaintiff must allege that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown,* 455 F.3d 225, 233-34 (3d Cir.2006). Plaintiff does not even attempt to show how the available procedures failed to afford him due

process of law. In fact, plaintiff alleges that the charges against him were dismissed, presumably by some component of the Pennsylvania criminal justice system. A state provides constitutionally adequate procedural due process when it provides reasonable post-deprivation remedies, *DeBlasio v. Zoning Bd. of Adjustment,* 53 F.3d 592, 597 (3d Cir.1995), overruled on other grounds sub nom, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir.2003), ... .

Thus, "[i]n order to state a claim for failure to provide due process, a Plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000); *Kauffman v. PA Soc. For the Prevention of Cruelty to Animals*, 766 F.Supp.2d 555, 571 (E.D. Pa. 2011); *Gilfus v. Vargason*, 2006 WL 2827658, *4.

As mentioned, since Plaintiff 's pre-September 30, 2011 constitutional claims against Defendants regarding the treatment of his wife are clearly time barred, we find futility in allowing Plaintiff leave to amend his Amended Complaint regarding his Fourteenth Amendment due process claims.

Additionally, we find that the *Rooker-Feldman* doctrine prevents this federal Court from considering Plaintiff 's constitutional claims against Defendants which he states arose on September 30, 2011, when Defendant Luzerne County Judge Wetzel dismissed his wrongful death action in state court allegedly in violation of his Fourteenth Amendment due process rights. Plaintiff's broadly alleges a conspiracy between the Luzerne County Court of Common Pleas Judge, defense counsel and the medical Defendants with respect to the handling of his 2011 wrongful death action and the "fraudulent [non-appealable dismissal] Order" of Judge Wetzel. Plaintiff states that the Defendant Judge issued the dismissal Order before his scheduled hearing and that the Luzerne County Court Prothonotary then

filed the Order before his hearing as part of a conspiracy under §1985(2) and (3) in order to deprive

him of "his rights to suit (sic) for wrongful dead (sic) and emotional distress" and "committed fraud

upon the court" as well as federal crimes and a violation of his equal protection rights. (Doc. 11, ¶ 79).

Plaintiff requests this federal Court to void and reverse the September 30, 2011 dismissal Order of

Defendant Luzerne County Judge Wetzel in his wrongful death action. Plaintiff avers that his instant

Defendants "are responsible now for such wrongful decision by another Luzerne County Corrupted

Judge." (*Id.*).

Additionally, Plaintiff alleges that after his wife's death, Defendant numbers 4, 6, 20, 19, 9, 10,

23, 25, 14, 11, and 26 were all part of a vague conspiracy from August 2009 through October 27,

2009, to get the Defendant Luzerne County Judges to illegally "award[] the custody of a real estate to

[Defendant] Cameli." Plaintiff states that the Defendants intentionally left him in the main Luzerne

County court room and then secretly moved a hearing to another court room to deceive him and

violate his constitutional rights. Plaintiff avers that as a result of the unconstitutional conduct, the state

Court awarded Defendant Cameli "the custodian over [Plaintiff's] minor son['] property." (Doc. 11,

p. 13). Plaintiff indicates that this federal Court should aside the orders and decisions of the Luzerne

County Court with respect to the stated property.

We find that all of Plaintiff's constitutional claims against Defendants regarding the October 27,

2009 hearing and the September 30, 2011 dismissal Order of the Luzerne County Judge in his

wrongful death action are subject to dismissal based on the *Rooker-Feldman* doctrine. We find that

Plaintiff's claims attacking the October 27, 2009 hearing and the September 30, 2011 dismissal Order

in his Luzerne County Court wrongful death action are barred by the *Rooker-Feldman* doctrine. *See*

*Jacobowitz v. M&T Mortgage Corporation*, Civil No. 09-1332, M.D. Pa. 10-5-09, aff'd. 372 Fed. Appx. 225 (3d Cir. 3-24-10); *Klein v. U.S. Bank, N.A.*, 2010 WL 703255 (M.D. Pa. 2-25-10); *Klein v. U.S. Bank, N.A.*, Civil No. 10-1690, 2010 WL 5018881(M.D. Pa.) (12-3-10 Order); *Donaven v. Keuerleber*, 2009 WL 761195 (3-19-09 M.D. Pa.); *Thomas v. Penn Waste, Inc.*, Civil No. 13-2290, M.D. Pa.

Plaintiff basically alleges that Defendants' conduct regarding the October 27, 2009 hearing and his Luzerne County Court wrongful death action as well as the Court's Orders amounted to violations of his constitutional rights. We find that Plaintiff's stated constitutional claims are precluded by the *Rooker-Feldman* doctrine. We find that Plaintiff's constitutional claims depend on a finding by this federal Court that the decisions in the October 27, 2009 hearing and the September 30, 2011 dismissal Order by the Luzerne County Court in his wrongful death action were illegal. *See Laychock v. Wells Fargo Home Mortg.*, 2008 WL 2890962, *5 (E.D. Pa.). "[Plaintiffs'] constitutional deprivation depends on a finding the foreclosure was illegal. Such a finding requires deciding the state court was wrong in entering the ... mortgage foreclosure. *In re Knapper*, 407 F. 3d at 581(finding *Rooker-Feldman* precluded Knapper's due process attack on her state foreclosure judgment because federal relief would rely on a finding the state court ... judgment was 'improperly obtained'." *See also Jacobowitz v. M&T Mortgage Corporation*, *supra*; *Reisinger v. Luzerne County*, 2010 WL 1976821, *16 (M.D. Pa. 2-2-10), 712 F. Supp. 2d 332*; Keisling v. Renn*, 2010 WL 3984876 (M.D. Pa. 9-7-10) adopted by 2010 WL 3984813 (M.D. Pa. 10-12-10) affirmed by 425 Fed.Appx. 106 (3d Cir. 2011) cert. denied –U.S. –, 132 S.Ct. 383 (2011), reh. denied, –S.Ct.–, 2011 WL 6141426 (2011).

We find that Plaintiff's vaguely supported conspiracy claims are barred by *Rooker–Feldman* since they necessarily require this federal Court to determine that the Luzerne County Court's decisions in

the October 27, 2009 hearing and the September 30, 2011 dismissal Order were erroneously and fraudulently entered. *See Gage v. Wells Fargo Bank, NA*, 2011 WL 5357684 (3d Cir. 11-8-11). Plaintiff Boldrini seeks this federal Court to declare void and to reverse the Luzerne County Court's October 27, 2009 decisions and the September 30, 2011 dismissal Order. Notwithstanding Plaintiff's unsubstantiated allegations that the September 30, 2011 dismissal Order was non-appealable, we find that had state court appellate remedies available to him regarding both his wife's estate and his wrongful death action. Plaintiff now seeks this federal Court to essentially act as the appellate court with respect to the property decisions of the state court entered on October 27, 2009, and the dismissal Order of his Luzerne County Court wrongful death action.

Another case which we find on point with the present case is *Reiter v. Washington Mut. Bank*, 2011 WL 2670949 (E.D. Pa. 7-5-11). In *Reiter*, the Court stated:

> Plaintiff seeks a temporary injunction to cease eviction proceedings against him. However, we find that we are unable to grant the relief requested in this Motion or in Plaintiff's Amended Complaint under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prevents "inferior" federal courts from sitting as appellate courts for state court judgments. *In re Knapper,* 407 F.3d 573, 580 (3d Cir.2005) (citing *Port Auth. Police Benevolent Assoc. Inc. v. Port Auth. of N.Y. and N.J. Police Dept.,* 973 F.2d 169, 173 (3d Cir.1992)). The doctrine takes its name from two Supreme Court cases, viz., *Rooker v. Fidelity Trust Co.,* 263 U.S. 412 (1923) and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). *Id.* at 580 n. 13. The *Rooker–Feldman* doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court." *Id.* at 580. Since Congress has never conferred a similar power of review of the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions. *Id*. The *Rooker–Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding

the state court's ruling. *Id.* Although § 1257 refers to orders and decrees of the highest state court, the *Rooker–Feldman* doctrine has been applied to final decisions of lower state courts. *Id.* Thus, a claim is barred by *Rooker–Feldman* under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. *Id.* In either case, *Rooker–Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

2011 WL 2670949, *1.

The Court in *Reiter* concluded as follows:

> The Supreme Court has recently explained the parameters of *Rooker–Feldman* in *Exxon Mobil v. Saudi Basic Indust. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). There, the court stated; "[t]he *Rooker–Feldman* doctrine [ ] ... is confined to cases ... brought by state-court losers complaining of ... state court judgments rendered before the [federal] proceedings commenced and inviting [federal court] review and rejection of those judgments. *Rooker–Feldman* does not otherwise ... allow federal courts to stay or dismiss proceedings in deference to state-court actions." 544 U.S. at 283–84.

> In this case, Plaintiff's challenge against the mortgage foreclosure was actually litigated in the Bucks County Court of Common Pleas prior to filing the federal court action and Plaintiff lost. Furthermore, Plaintiff's constitutional claims are inextricably intertwined with the state court adjudications.

> A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment ... In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders. *In re Knapper,* 407 F.3d at 581 (citing *Walker v. Horn,* 385 F.3d 321, 330 (3d Cir.2004) (citations, internal quotations and ellipses omitted)). Here, Plaintiff insists that the court erred in its judgment and demands that we "permanently and unambiguously overturn[ ] and strike[ ] from all records" the state court's decision. (Am. Compl. at 6.) Additionally, Plaintiff demands

that we "immediately reverse" the foreclosure ordered by the state court.

(*Id.*) The constitutional claims which Plaintiff raises succeed only to the extent that the state court wrongly decided the issues before it. The Third Circuit has held that these types of constitutional claims are prohibited by *Rooker–Feldman. See,* e.g. *Gulla v. North Strabane Twp.,* 146 F,3d 168, 171 (3d Cir.1998). Thus, Plaintiff asks us to determine that the state court judgment was erroneously entered into and to grant relief in the form of a temporary injunction that would prevent a state court from enforcing its orders. Under *Rooker–Feldman,* this is relief which we are without power to grant. Furthermore, since we are deprived of subject matter jurisdiction over Plaintiff's claims, we hereby dismiss this case.

2011 WL 2670949, *2(footnote omitted).

We find that Plaintiff Boldrini's federal claims are inextricably intertwined with the state court's adjudications on October 27, 2009 and on September 30, 2011, in his wrongful death action. Thus, based on *Gage* and *Reiter*, we find that Plaintiff's claims which would essentially reverse and overturn the Luzerne County Court's Orders should be dismissed with prejudice. As discussed, we find that Plaintiff had remedies available in state court with respect to the state court's Orders and, that he could have sought appellate review in the Pennsylvania courts. Further, Plaintiff is essentially seeking this federal Court to sit as an appellate court with respect to the Luzerne County Court's Orders. This is precisely the fact scenario that is prohibited by the *Rooker- Feldman* doctrine. *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)/("The *Rooker- Feldman* doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments.")(citation omitted).

Moreover, insofar as Plaintiff names state court judges, prosecutors and officials of the state court system, and insofar as Plaintiff is only seeking monetary damages, these Defendants, namely, Defendants 1, 5, 20, 22, 25, 26, 27 & 28, are entitled to immunity. *See Stankowski v. Farley*, 487

F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 239, 255-56 (M.D. Pa. 2010); *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp.2d 672, 696 W.D. Pa. 2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Plaintiff has also named many Defendants who are not state actors, namely, Defendants 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, and 24. Plaintiff alleges that these Defendants conspired under §1985(3) with the state actors Defendants to violate his constitutional rights.

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

> Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Holmes v. Dreyer*, 2010 WL 3791360, *2 (E.D. Pa. 9-28-10); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010)(Per Curiam).

In *Brookhart*, 385 Fed. Appx. at 69, the Third Circuit stated:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Here, the majority of the defendants are private citizens and not state actors. Liability would attach if a private party conspired

with a state actor, *Dennis v. Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185, ... .

As discussed, Plaintiff Boldrini broadly raises a §1983 conspiracy claim that the numerous Defendants, acting together, conspired over several years to violate his constitutional rights.

The Courts have consistently held, "[t]he Plaintiff's allegations [of a §1983 conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives. Bare conclusory allegations of 'conspiracy'... will not suffice to allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992), *aff'd* 980 F.2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993).

Further, as the Court stated in *Dennison v. Pa. Dept. of Corrections*, 268 F. Supp. 2d 387, 401 (M.D. Pa. 2003):

> To sustain a conspiracy claim under section 1983, [Plaintiff] must establish that: (1) defendants deprived him of a right secured by the Constitution or laws of the United States and (2) conspired to do so while acting under color of state law. *Adickes v S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). Additionally, "'to [s]ufficiently allege a conspiracy, a plaintiff must show a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose.'" *Marchese*, 110 F.Supp.2d at 371 (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa.1999)) (other internal citations omitted). "'A plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.'" *Id*. (quoting *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999)) (other internal citations omitted).

Thus, "[a] section 1983 conspiracy claim requires proof that two or more conspirators reached an agreement to deprive Plaintiff of a constitutional right under color of law. *Dennis v. DeJong*, 867 F.Supp.2d 588, 650 (E.D. Pa. 2011)(citation omitted).

We find that Plaintiff does not specify any role or agreement of the numerous Defendants in the alleged vast conspiracy to violate his constitutional rights over several years. He does not make specific factual allegations of an agreement, combination, or understanding among both Defendants to plot, plan, or conspire to carry out the numerous and convoluted chain of events that have led to the alleged violations of his constitutional rights. Further, as stated, Plaintiff fails to sufficiently state the personal involvement of each Defendant (numbers 1-28) he claims was a part of the conspiracy.

We also find that Plaintiff has not stated a viable conspiracy claim under §1985(3).

The *Brookhart* Court also stated:

> Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim.

385 Fed. Appx. at 70.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C. § 1985(3) are set forth in a line of Supreme Court cases beginning with the

decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of America, 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form the basis for a section 1985(3) claim. *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these decisions, a plaintiff must allege the following elements in order to state a claim pursuant to 42 U.S.C. § 1985(3): (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Id.*

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3). Instead, the complaint must allege that Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient; animus must be class-based.")(citations omitted).

Plaintiff does not raise a cognizable claim under §1985 against Defendants. Plaintiff does not indicate that he falls within a class entitled to sue under §1985(3). Also, we find that Plaintiff does not properly allege Defendant numbers 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, and 24 conspired with any state official and, that Plaintiff does not properly assert a conspiracy claim

against Defendants under §1985(3). Further, Plaintiff does not allege any conspiracy which "was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir. 2006).

Thus, we will recommend that Plaintiff's Amended Complaint against all Defendants be dismissed with prejudice. Based upon the above, we find that the Court should not afford Plaintiff a second opportunity to amend his pleading with respect to any his claims against Defendants since we find that it would be futile and unduly prejudicial to Defendants. *See Grayson, supra*.

Accordingly, we will recommend that Plaintiff's entire Amended Complaint (Doc. 11) be dismissed with prejudice as against all Defendants.

## IV.    RECOMMENDATION.

Based on the above, it is respectfully recommended that Plaintiff Boldrini's Amended Complaint **(Doc. 11)** be **DISMISSED WITH PREJUDICE** in its entirety as against all Defendants. Further, it is recommended that this case be **CLOSED**.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  January 15, 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | CIVIL ACTION NO. 3:13-CV-2485 |
| | : | |
| Plaintiffs | : | Judge Caputo |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| LEWIS W. WETZEL, *et al.*, | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 15, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.




_____     **s/ Thomas M. Blewitt**
                                     **THOMAS M. BLEWITT**
                                     **United States Magistrate Judge**




**Dated: January 15, 2014**

_____